IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PRAVIN O. DESAI; KAJAL PROPERTIES, LLC; NPHD, INC.; JAYMINE ENTERPRISE, INC.; and RAJ HOTELS LIMITED, INC.;<br><br>    Plaintiffs,<br><br>  v.<br><br>US BANK, US BANCORP, US BANK NATIONAL ASSOCIATION, FIDELITY NATIONAL TITLE INSURANCE COMPANY, FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK, FIDELITY NATIONAL TITLE, ASHFORD FINANCIAL GROUP, ASHFORD TRUST FINANCIAL, INC., CLARK NEW JERSEY HOTELS, LP, OMAHA-NEBRASKA HOTELS, LP, ZIONS BANK, ZIONS FIRST NATIONAL BANK, ZIONS BANCORPORATION, and ZIONS SMALL BUSINESS LOAN TRUST,<br><br>    Defendants. | CASE NO 8:06CV779<br><br><br><br><br>MEMORANDUM AND ORDER |

  This matter is before the Court on several motions to dismiss filed by the various defendants. In the Plaintiffs' First Amended Complaint (Filing No. 17), the Plaintiffs assert thirteen causes of action against the various defendants. The litigation involves claims by Plaintiffs Pravin O. Desai; Kajal Properties, LLC ("Kajal"); NPHD, Inc.; Jaymine Enterprises, Inc.; and the Raj Hotels, Limited, Inc.; against various banks and corporations arising from Kajal's purchase of commercial real estate and property for the purpose of operating a hotel in Omaha, Nebraska. Separate motions to dismiss have been filed on behalf of distinct groups of defendants: by US Bank, US Bancorp and US Bank National Association

(hereafter collectively "US Bank"); by Fidelity National Title Insurance Company, Fidelity National Title, Fidelity National Title Insurance Company of New York (hereafter collectively "Fidelity"); by the Ashford Financial Group, Ashford Trust Financial Inc., Clark New Jersey Hotels, L.P., and Omaha-Nebraska Hotels , L.P., (hereafter collectively "Ashford"), and by Zions Bank, Zions First National Bank, Zions Bancorporation, Zions Small Business Loan Trust (hereafter collectively "Zions").

### *Subject Matter Jurisdiction*

All the Defendants, Ashford, US Bank, Fidelity and Zions, assert as a basis for dismissal the Plaintiffs' failure to allege subject matter jurisdiction. The Court is obliged to consider the question of its own jurisdiction at the outset. The Defendants contend that the allegations in the First Amended Complaint fail to set forth a basis for federal question jurisdiction and that the allegations are insufficient to set forth jurisdiction based upon the parties' diversity of citizenship.  Lack of subject matter jurisdiction is presumed in the federal courts unless jurisdiction affirmatively appears from the record. *National Right to Life PAC v. Connor*, 323 F.3d 684, 689 (8th Cir. 2003). It is the Plaintiffs' burden to plead the citizenship of the parties in attempting to invoke diversity jurisdiction. *Walker by Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997).

In their *brief,* the Plaintiffs cite 28 U.S.C. § 1332(a) and argue that they have sufficiently alleged a basis for the Court's subject matter jurisdiction based on diversity of citizenship. Having reviewed the First Amended Complaint, the Court observes that 28 U.S.C. § 1332(a) is not mentioned.  The allegations that state the basis for federal jurisdiction are:

2

> 1. This Court has personal jurisdiction over defendants and jurisdiction over this action pursuant to 28 U.S.C. § 1367(a).
>
> 2. Venue in this District is based on 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and a substantial part of the property that is the subject of this action is situated in this district.

(Filing No. 17).  The parties are also identified in the First Amended Complaint, but, excepting only Desai, neither their places of incorporation nor their principal places of business are alleged.  *See* 28 U.S.C. § 1332(c)(1).  The Court finds that the First Amended Complaint does not sufficiently allege facts that demonstrate complete diversity between the parties. While it appears that the Plaintiffs have alleged an adequate amount in controversy, that satisfies only one part of the required showing.  The Defendants' facial challenge to the First Amended Complaint based on a lack of subject matter jurisdiction must succeed.

The Plaintiffs argue that if the jurisdictional allegations set forth in the First Amended Complaint are found to be inadequate, then Fed. R. Civ. P. 15 and fairness dictate that leave to amend the complaint should be granted.  Plaintiffs state that if given leave to amend, the Plaintiffs would include in a second amended complaint the factual allegations contained in counsel's affidavit offered in opposition to the motion to dismiss. (See Filing No. 59; Affidavit of Justin Cook).  The Cook Affidavit identifies only the state in which certain Defendants have their "headquarters," which is not necessarily the same as the state in which the Defendants are incorporated or have their principal places of business. And while the First Amended Complaint notes that Desai is a resident of California, neither

it nor the Cook Affidavit provides information relative to the citizenship of the corporate Plaintiffs. For these reasons, the Court concludes that even if Plaintiffs were permitted to amend the complaint to add allegations contained in the Cook Affidavit, those amendments would not cure the jurisdictional shortcomings. A district court must have original jurisdiction over at least one claim in the complaint to enable it to assert supplemental jurisdiction under 28 U.S.C. § 1367(a). *Myers v. Richland County*, 429 F.3d 740, 748 (8th Cir. 2005). The Plaintiffs have failed to establish the Court has original jurisdiction over their claims, and the case must be dismissed for lack of subject matter jurisdiction.

When a federal district court dismisses an action based on lack of subject matter jurisdiction, the dismissal may be entered without prejudice or with leave to file an amended complaint if the defect can be cured. The Eighth Circuit Court has stated:

> A district court should grant leave to amend freely "when justice so requires." Fed. R. Civ. P. 15(a). However, denial of leave to amend may be justified when the amendment is futile. *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 557-58 (8th Cir. 2006).

*Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 755 (8th Cir. 2006). "[W]hen a court denies leave to amend on the ground of futility, it means that the court reached a legal conclusion that the amended complaint could not withstand a Rule 12 motion." *In re Senior Cottages of America, LLC*, 482 F.3d 997, 1001 (8th Cir. 2007).

This Court would grant Plaintiffs' leave to amend the complaint if the jurisdictional allegations were the only problem. However, the Court finds that granting leave to amend would be futile based on the Defendants' res judicata and statute of limitations arguments. In an attempt to prevent future abuse of the judicial process and for the reasons stated in

the following discussion, the Court will dismiss this case with prejudice and withhold leave to amend based on futility.

***Res Judicata***

The Defendants argue that the allegations in the First Amended Complaint have been fully and finally resolved by courts of other jurisdictions, and that this action is res judicata based upon those prior judgments. Plaintiffs have filed actions based on the same or similar claims in at least three courts,[1] two of which are relevant to the res judicata discussion.

According to the Ashford Defendants, Plaintiff Pravin Desai filed a pro se complaint on behalf of himself and the corporate plaintiffs also named in this suit against the Ashford defendants and others in the circuit court of Boone County, Missouri. Ashford removed the case to federal district court based on diversity jurisdiction, and then filed a motion to dismiss. In an order dated May 22, 2006, the United States District Court for the Western District of Missouri dismissed Plaintiffs' claims upon statute of limitations grounds. *See Desai, et al., v. Brooks,* et al., Case No. 2:06-CV-4046 (W.D. Mo. 2006). The dismissal was expressly made with prejudice. Upon Desai's various motions seeking reconsideration and to add parties, the U.S. District Court for the Western District of Missouri ordered Desai to refrain from further filings or face possible Rule 11 sanctions. (Filing Nos. 23 at Documents 36 and 49).

---

[1] The Plaintiffs also filed in the United States Bankruptcy Court for the District of Nebraska, but voluntarily dismissed that case without prejudice on or about November 2, 2004. (Filing No. 33, Ex. M and N).

5

According to the US Bank and Fidelity Defendants, the Plaintiffs' claims in this case against them are barred by dispositive orders and a prior judgment issued by a California state action. US Bank and Fidelity contend that the Plaintiffs' First Amended Complaint (Filing No. 17) mirrors the Second Amended Complaint that the same Plaintiffs filed against them in the Superior Court of the State of California in the County of San Diego, Case No. GIC 828.951. (Filing No. 39, Ex. 1). In the California action, the parties agreed by stipulation to dismiss some of the defendants, including some of the Fidelity Defendants, with prejudice.[2] The remaining defendants in the California action filed a motion to dismiss the Plaintiffs' claims based on their statute of limitations defenses. The California state court granted the motion to dismiss on the statute of limitations grounds, and ordered the case dismissed with prejudice. The trial court's determination was appealed, and the appeal ultimately was dismissed by the California appellate court.[3] (Filing Nos. 32-33 and Exhibits A-R; and Filing No. 39 Exhibits 2-5).

The doctrine of res judicata, or claim preclusion, should be invoked to preclude a party from relitigating the same cause of action.

> Res judicata, or claim preclusion, operates to preclude a party from relitigating the same cause of action. *Lundquist v. Rice Mem'l Hosp.,* 238 F.3d 975, 977 (8th Cir. 2001). Claim preclusion applies when there is a prior judgment rendered by a court of competent jurisdiction, that prior judgment was final and on the merits, and it involved the same cause of action and the same parties or privies. *Banks v. Int'l Union Electronic, Electrical, Tech., Salaried and Mach. Workers*, 390 F.3d 1049, 1052 (8th Cir.2004). Res

---

[2] Some Fidelity Defendants were dismissed with prejudice from the California action based on an agreement between the parties that were approved by court order. (See Filing No. 32-33, Exhibits C, D, E).

[3] The proceedings in California related to GCI 828951 will be collectively referred to as the "California action."

6

>judicata bars claims that were or could have been litigated in the earlier proceeding, id., but it does not apply to claims that did not exist when the first suit was filed.

*Wedow v. City of Kansas City,* 442 F.3d 661, 669 (8th Cir. 2006).

Federal common law governs the claim-preclusive effect of a dismissal by a federal court. Federal common law requires that the res judicata effect of a judgment issued by a federal court be determined by the law that would be applied by state courts in the state in which the federal diversity court sits. *Semtek Int'l Inc., v. Lockheed Martin Corp.*, 531 U.S.497, 508 (2001). Thus, the preclusive effect of the order of dismissal with prejudice issued by the federal district court in Missouri and its scope is governed by Missouri law.

According to the Missouri Supreme Court:

>The common-law doctrine of res judicata precludes relitigation of a claim formerly made.. . . A claim is "[t]he aggregate of operative facts giving rise to a right enforceable by a court." [citing *Black's Law Dictionary* at 241 (7th ed. 1999)].. . . The doctrine precludes not only those issues on which the court in the former case was required to pronounce judgment, "but to every point properly belonging to the subject matter of litigation and which the parties, exercising reasonable diligence, might have brought forward at the time." . . . Claims that could have been raised by a prevailing party in the first action are merged into, and are thus barred by, the first judgment. To determine whether a claim is barred by a former judgment, the question is whether the claim arises out of the same "act, contract or transaction."

*Chesterfield Village, Inc. v. City of Chesterfield*, 64 S.W.3d 315, 318 (Mo. 2002)(quoting in order *King General Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints*, 821 S.W.2d 495, 501 (Mo. 1991) banc and *Grue v. Hensley*, 210 S.W.2d 7, 10 (1948)). Missouri courts have held that "[a] trial court's dismissal of an action on the basis of the statute of limitations is a final adjudication on the merits for purposes of res

7

judicata." *Jordan v. Kansas City*, 929 S.W.2d 882, 886 (Mo. App. W.D. 1996);  *State ex rel. Estate of Perry ex rel. Perry* ,168 S.W.3d 577, 583 (Mo. App. W.D. 2005).

With regard to the California state action, the full faith and credit statute must be considered.  Under the federal full faith and credit statute, "judicial proceedings [of any court of any State] shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State...."  28 U.S.C. § 1738 (2007).

> Thus, federal courts must give preclusive effect to state court judgments, and the scope of the preclusive effect is governed by the law of the state from which the prior judgment emerged.  *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984).  This deference "promote[s] the comity between state and federal courts that has been recognized as a bulwark of the federal system*." McCurry*, 449 U.S. at 95-96, 101 S.Ct. at 415 (citing *Younger v. Harris,* 401 U.S. 37, 43-45, 91 S.Ct. 746, 750-51, 27 L.Ed.2d 669 (1971)).

*Simmons v. O'Brien ,*77 F.3d 1093, 1096 (8th Cir. 1996).  Thus, the preclusive effect of the California judgment and the scope of its preclusive effect, if any, is governed by the law of California.  Under California law,

> "The doctrine of res judicata is . . . that an existing final judgment or decree rendered upon the merits, and without fraud or collusion, by a court of competent jurisdiction, upon a matter within its jurisdiction, is conclusive of the rights of the parties or their privies, in all other actions or suits in the same or any other judicial tribunal of concurrent jurisdiction, on the points and matters in issue in the first suit."

*Franklin Capital Corp. v. Wilson*, 148 Cal.App.4th 187, 215, 55 Cal.Rptr.3d 424, 445 (Cal.App. 4 Dist. 2007)(quoting 15 Ruling Case Law, pages 950, 951) *rev.denied.*  The term collateral estoppel is also used in the res judicata context by California courts.

> The doctrine of collateral estoppel precludes relitigation of an issue previously adjudicated if: (1) the issue necessarily decided in the previous

> suit is identical to the issue sought to be relitigated; (2) there was a final judgment on the merits of the previous suit; and (3) the party against whom the plea is asserted was a party, or in privity with a party, to the previous suit.

*Producers Dairy Delivery Co. v. Sentry Ins. Co.*, 718 P.2d 920, 923-923 (Cal. 1986). *See also People v. Barragan*, 32 Cal. 4th 236, 252-253, 83 P.3d 480 (Cal. 2004)(identifying claim preclusion as the primary aspect of res judicata and collateral estoppel as the secondary aspect of res judicata.)

California courts have held that a judgment based on the statute of limitations is res judicata when no new facts or alternative theories are available to the former party against whom the doctrine is applied. *Perez v. Richard Roe 1,* 146 Cal.App.4th 171, 186, 52 Cal.Rptr.3d 762, 773 (Cal.App. 2 Dist. 2006) *rev. denied*; and *Franklin Capital*, 55 Cal.Rptr.3d at 445 (noting that judgments based on statutes of limitations are often on the merits for purposes of res judicata).

The Defendants have asked the Court to take judicial notice of certain pleadings and orders filed in the Missouri action and the California action. *(See* Filing No. 23, Ashford's brief in support of motion to dismiss at page two, and the attached Missouri federal district court documents identified as Documents 36 and 49; Filing No 34, Fidelity's request for judicial notice of Exhibits A to R that are included in filing nos. 32 and 33; and Filing No. 39, US Bank's request for judicial notice of Exhibits 1 to 5). The documents are the type of documents of which the Court may take judicial notice, and I do take judicial notice of the documents identified above pursuant to Fed. R. Evid. 201.

I have reviewed the relevant complaints, orders, and judgments from the Missouri federal district court action and the California state court action that have been provided in the record. There is no genuine dispute that the parties in the prior actions, Ashford, US

9

Bank, Fidelity, and the Plaintiffs, are the same as the parties named in this action. I have compared the First Amended Complaint in this action to the Second Amended Complaint in the California action, and they appear to present sometimes identical (even down to misspelled words) and, at other times, nearly identical, claims. The two significant differences between the complaints are 1) that Second Amended Complaint does not include the Zions Defendants (though the Zions Defendants were included as defendants in the original complaint filed in the California action but they were dismissed based on improper venue before the Second Amended Complaint was filed); and 2) that the Second Amended Complaint contains a fourteenth cause of action based on an alleged violation of California state law. (Compare Filing No. 17 to Filing No. 32, Ex. B). My consideration of the "Factual Background" section of the May 26, 2006, Order authored by Judge Nanette Laughrey in the Missouri federal district court action reveals that the Missouri action undeniably resolved claims that arose out of the same "act, contract or transaction" that is at issue in the First Amended Complaint filed herein. I also note that the allegations against the Ashford Defendants in the Missouri action were also raised in the original complaint filed in the California action.

  The Plaintiffs concede much of the res judicata argument relative to the California action. The Plaintiffs concede that the California judgment was issued by a court of competent jurisdiction, and that the actions involved the same causes of action. The Plaintiffs argue that the California court did not issue a final order on the merits. I disagree. As discussed above, California law holds that a trial court judgment based on a statute of limitations is a final judgment and res judicata provided the plaintiff can put forward no

10

newly discovered facts and has not offered a new theory of recovery that might be subject to a different statute of limitations.

The Plaintiffs, citing *Messner v. Industrial Acc. Comm'n*, 216 Cal. App.2d 53, 630 Cal Rptr. 898, 900-01 (1963), alternatively argue that this case presents exceptional circumstances that warrant an exemption from the res judicata doctrine. According to their brief, "Plaintiffs do not necessarily believe that the Superior Court of California got it wrong on their own application of the California statute of limitations," but instead argue that the statute of limitations was not applicable under the circumstances, which include that the California case was "complex litigation, involving multiple Plaintiffs and Defendants, with multiple causes of action, with the ultimate result being that the Plaintiffs lost millions of dollars, . . . [and where] Plaintiffs were not notified of the letter [from the title insurance carrier] allegedly denying indemnity until the litigation of the case in California Superior Court." (Filing No. 58, p. 7). I find nothing in this list of supposedly exceptional circumstances that justifies an exemption from the application of res judicata in this matter. This is not a case where there has been a change in the law since the issuance of the prior judgment that would adversely affect the validity of the former judgment, as was the case in *Messner.* This is not a case where new facts have been discovered that, without reasonable diligence, could not have been discovered at the time of the prior action.[4]

---

[4] The Plaintiffs argue that Desai was not made aware of a denial of indemnity until his deposition was taken on August 11, 2005, at which time Desai was provided with a copy of correspondence denying indemnity that had been sent to his former counsel but of which Desai claimed no knowledge. Assuming his lack of knowledge to true and further assuming that it is even relevant to a tolling issue, Desai's former counsel possessed authority to act for Desai as his agent, and an agent's knowledge may be fairly imputed to the principal. Moreover, Desai discovered this information months before the February 27, 2006, order granting summary judgment was entered in the California action. (Filing No. 39, Ex. 2). Thus, this is not a "new fact" that warrants an

There has been no change in public policy that affects the validity of the California judgment.

With regard to the Missouri federal district court's handling of Desai's pro se complaint, the Plaintiffs contend that Judge Laughrey construed Plaintiffs' claims narrowly, finding that "the gravamen of Desai's complaint is breach of the Warranty Deed," and that the "well-pleaded complaint . . . raise[s] only a single Count against the moving defendants for breach of warrant deed." (Filing No. 23 at document 49). Given the court's construction of the pro se complaint, the Plaintiffs argue that res judicata would apply, if at all, only to a claim asserting a breach of warrant deed. The problem with that argument is that res judicata doctrine precludes not only those issues on which the court in the former case was required to pronounce judgment, but "every point properly belonging to the subject matter of litigation and which the parties, exercising reasonable diligence, might have brought forward at the time." *King General Contractors, Inc.*, 821 S.W.2d at 501. Thus, because the claims alleged in the First Amended Complaint arise from the same operative facts as were asserted in the Missouri federal district court action, I conclude that the res judicata doctrine would bar all the current claims against Ashford. [5]

For all these reasons, the Court is convinced that even if the facts necessary to support this Court's exercise of original subject matter jurisdiction could be pleaded,

---

exception to the res judicata doctrine.

[5] In addition, the Court finds persuasive the Ashford Defendants' motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted against them. A review of the First Amended Complaint reveals no allegations against the Ashford Defendants that states a claim for relief. (Filing No. 17).

permitting leave to amend would be futile as to the Ashford, US Bank, and Fidelity Defendants, because the doctrine of res judicata would bar the Plaintiffs from asserting the claims in the First Amended Complaint against them.

***Statute of Limitations***

The res judicata doctrine does not so clearly apply in favor of the Zions Defendants. Although the Zions Defendants were named defendants in the initial complaint filed in the California action, they were dismissed before the Second Amended Complaint was filed, based on improper venue. If this Court were to assume, without deciding, that a dismissal based on improper venue would not be considered a disposition that is final or on the merits under California law, then leave to amend the First Amended Complaint should be granted unless there is an independent basis for making a finding of futility as to the Zions Defendants. The Zions Defendants argue that the statutes of limitations applicable to the claims asserted against them in the First Amended Complaint have expired. They contend that the statutes of limitations applicable to the Plaintiffs' Sixth through Thirteenth Causes of Action against Zions Bank are either four or five years,[6] and that all of them expired before this action was commenced. An action is commenced when the complaint is filed. Fed. R. Civ. P. 3.

The Plaintiffs allege that during March and April 2000, the Zions Defendants made certain representations to the Plaintiffs regarding their willingness to loan money for the hotel transaction that is the subject of these several actions. Plaintiff Kajal Properties by

---

[6] The Nebraska statute of limitations for breach of a written contract is five years, Neb. Rev. Stat. § 25-205; for fraud, negligence, and breach of an oral contract is four years, Neb. Rev. Stat. § 25-207; and for failure of consideration in a contract is four years, Neb. Rev. Stat. §25-211.

13

Plaintiff Desai executed the promissory agreement with Zions on or about April 26, 2000. (Filing No. 75, Pugh Affidavit at Ex. A). The Plaintiffs concede in their First Amended Complaint that they knew of the "superior liens and prior encumbrances," on the property that is the subject of this litigation at the latest by September 26, 2001. (Filing No. 17 at ¶ 26). The Complaint in this action was not filed until December 31, 2006. (Filing No. 1). Because the Plaintiffs allege no factual basis to seek a tolling of the limitations periods, at the latest the action against the Zions Defendants should have been filed on or before September 26, 2006. The Complaint was filed about three months too late. Based on the Zions Defendants' statute of limitations argument, the Court concludes that granting Plaintiffs leave to amend the First Amended Complaint to "shore up" the jurisdictional allegations would be futile. *See* Filing No. 77 at 4.

Based on the pleadings, orders, judgments and other court documents from the Missouri and California actions, I conclude that giving the Plaintiffs leave to amend their complaint to properly allege subject matter jurisdiction would be futile because their claims would likely be dismissed under Fed. R. Civ. P. 12(b)(6) based either on the doctrine of res judicata or the applicable statute of limitations. I conclude that the most appropriate disposition of this case is to dismiss it based on the Court's lack of jurisdiction, and to make the dismissal with prejudice to ensure that the same action is not refiled in this Court. I also warn the Plaintiffs that upon the filing of additional documents in this matter, the Plaintiffs and their counsel should be prepared to address any Rule 11 concerns that may be raised by the Court.

***Sanctions Sought by US Bank***

Even when a federal court lacks subject matter jurisdiction over litigation, it may still impose sanctions pursuant to Rule 11, consistent with its power to sanction abuses of the judicial process. *Willy v. Coastal Corp.,* 503 U.S. 131, 137-38 (1992). The US Bank Defendants have filed their motion for sanctions against the Plaintiffs and their counsel, fully complying with 21-day notice safeguard of Rule 11(b). In response to the motion for sanctions, the Plaintiffs argue that the filing of this action was in good faith because they seek a reasonable extension of existing law. The Plaintiffs contend that the arguments asserted by them in opposition to the various motions to dismiss demonstrate their good faith. (Filing No. 67). I disagree. I have read Plaintiffs' arguments in opposition to the Defendants' several motions, and I have not found a thoughtful explanation for the Plaintiffs' decision to refile these claims in the District of Nebraska more than six years after the events giving rise to the action would have transpired. There is indication that the Plaintiffs or their current counsel contacted the Plaintiffs' former counsel in California to discuss the case. There are no facts alleged that were not known to the Plaintiffs before the California and Missouri actions concluded, and the Plaintiffs have asserted no new theory of recovery against the Defendants.

With regard to the Motion for Rule 11 Sanctions, the Court finds that some monetary sanction is appropriate. US Bank's motion for sanctions will be granted in the amount of $4,500, representing approximately half of the reasonable attorney fee that the US Bank Defendants expended to defend this action. The monetary sanction is imposed against the Plaintiffs and their counsel jointly and severally. The other Defendants have not sought monetary sanctions, and so none will be ordered in their favor.

IT IS ORDERED:

1. The Plaintiffs' unopposed motion for an extension of time to respond to the Ashford Defendants' motion to dismiss (Filing No. 35) is granted and the Plaintiffs' brief at Filing No. 41 is considered to be timely filed;

2. The Ashford Defendants' Motion to Dismiss (Filing No. 22) is granted for lack of subject matter jurisdiction;

3. The Fidelity Defendants' Request for Judicial Notice (Filing No. 34) is granted;

4. The Fidelity Defendants' Motion to Dismiss (Filing No. 30) is granted;

5. The US Bank Defendants' Request for Judicial Notice (Filing No. 39) is granted;

6. The US Bank Defendants' Motion to Dismiss the First Amended Complaint (Filing No. 37) is granted for lack of subject matter jurisdiction;

7. The Zions Defendants' Motion to Dismiss or Compel Arbitration (Filing No. 74) is granted for lack of jurisdiction;

8. The Plaintiffs' Motion for Judicial Notice (Filing No. 68), through which Plaintiffs ask the Court to take judicial notice of Filing No. 56 herein, is granted to the extent such notice is necessary; and

9. US Bank Defendants' Motion for Sanctions (Filing No. 44) is granted as follows:

    a. A monetary sanction in the amount of $4,500 is imposed against against the Plaintiffs and their counsel jointly and severally, and

      b.      Plaintiffs are enjoined from filing any new actions against the US Bank Defendants arising out of the subject matter of this action without this Court's permission.

DATED this 21st day of August, 2007.

                BY THE COURT:

                s/Laurie Smith Camp
                United States District Judge